IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| CHRISTOPHER GRECO, | CIVIL ACTION NO. 9:13-1414-RMG-BM |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | |
| Defendant. | |

The Plaintiff filed the complaint in this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the final decision of the Commissioner wherein he was denied disability benefits. This case was referred to the undersigned for a report and recommendation pursuant to Local Civil Rule 73.02(B)(2)(a)(D.S.C.).

Plaintiff applied for Disability Insurance Benefits ("DIB") on December 16, 2008, with a protective filing date of November 5, 2008, alleging disability beginning July 1, 2008 due to back problems. (R.pp. 203, 283, 355). Plaintiff's claims were denied both initially and upon reconsideration. Plaintiff then requested a hearing before an Administrative Law Judge ("ALJ"), which was held on July 21, 2010. (R.pp. 128-165). The ALJ thereafter denied Plaintiff's claims in a decision issued March 24, 2011. (R.pp. 203-213). The Appeals Council granted Plaintiff's request for review of the hearing decision, and remanded the case to an ALJ on July 20, 2012 (R.pp. 219-222). A supplemental hearing was thereafter held on November 7, 2012 (R.pp. 166-193), following



which the ALJ again denied Plaintiff's claims in a decision dated December 13, 2012 (R.pp. 51-67). The Appeals Council then denied Plaintiff's request for a review of the ALJ's decision, thereby making the determination of the ALJ the final decision of the Commissioner. (R.pp. 1-3).

Plaintiff then filed this action in this United States District Court, asserting that there is not substantial evidence to support the ALJ's decision, and that the decision should be reversed and remanded for further consideration, or for an outright award of benefits. The Commissioner contends that the decision to deny benefits is supported by substantial evidence, and that Plaintiff was properly found not to be disabled.

## Scope of review

Under 42 U.S.C. § 405(g), the Court's scope of review is limited to (1) whether the Commissioner's decision is supported by substantial evidence, and (2) whether the ultimate conclusions reached by the Commissioner are legally correct under controlling law. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); Richardson v. Califano, 574 F.2d 802, 803 (4th Cir. 1978); Myers v. Califano, 611 F.2d 980, 982-983 (4th Cir. 1980). If the record contains substantial evidence to support the Commissioner's decision, it is the court's duty to affirm the decision. Substantial evidence has been defined as:

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. **If there is evidence to justify refusal to direct a verdict were the case before a jury, then there is "substantial evidence."** [emphasis added].

Hays, 907 F.2d at 1456 (citing Laws v. Celebrezze, 368 F.2d 640 (4th Cir. 1966)).

The Court lacks the authority to substitute its own judgment for that of the Commissioner. Laws, 368 F.2d at 642. "[T]he language of [405(g)] precludes a *de novo* judicial



proceeding and requires that the court uphold the [Commissioner's] decision even should the court disagree with such decision as long as it is supported by substantial evidence." Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

### Discussion

A review of the record shows that Plaintiff, who was twenty-four (24) years old on his alleged disability onset date, has a limited (seventh grade) education, and past relevant work as a fast food worker. (R.pp. 66, 134, 356). In order to be considered "disabled" within the meaning of the Social Security Act ("SSA"), Plaintiff must show that he has an impairment or combination of impairments which prevent him from engaging in all substantial gainful activity for which he is qualified by his age, education, experience and functional capacity, and which has lasted or could reasonably be expected to last for at least twelve (12) consecutive months.

After a review of the evidence and testimony in the case, the ALJ determined that, although Plaintiff does suffer from the "severe" impairments[1] of status post lumbar fusion, degenerative disc disease of the lumbar spine, and depression, he nevertheless retained the residual functional capacity ("RFC") to perform a restricted range of sedentary work.[2] Specifically, the ALJ found that Plaintiff was restricted to lifting or carrying up to ten pounds occasionally and less than

---

[1] An impairment is "severe" if it significantly limits a claimant's physical or mental ability to do basic work activities. See 20 C.F.R. § 404.1521(a); Bowen v. Yuckert, 482 U.S. 137, 140–142 (1987).

[2] Sedentary work is defined as lifting no more than ten pounds at a time and occasionally lifting and carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met. 20 C.F.R. § 404.1567(a).



ten pounds frequently, and can sit for about four hours and stand or walk about four hours in an eight-hour workday, which is consistent with changing positions every hour or so. The ALJ also found that Plaintiff could never climb a ladder, rope, or scaffold; could occasionally climb ramps/stairs, balance, stoop, kneel, crouch and crawl; should avoid even moderate exposure to hazards; could concentrate, persist, and work at pace to perform simple, routine, and repetitive tasks with one to two step instructions for extended periods (i.e., two-hour periods during an eight-hour workday); could occasionally interact with the public; and could interact appropriately with coworkers and supervisors in this type of stable, routine setting. (R.pp. 57, 59-60). While the ALJ found at step four that this RFC rendered Plaintiff unable to perform any of his past relevant work, (R.p. 66), he obtained testimony from a vocational expert ("VE") and found at step five that Plaintiff could perform jobs existing in significant numbers in the national economy and therefore was not disabled during the period at issue. (R.p. 66-67.)

Plaintiff asserts that in reaching this decision, the Commissioner erred because she failed to obtain the required consultative evaluation information and failed to address or weigh an award of benefits from the South Carolina Workers' Compensation Commission ("SCWCC"), as directed in the Appeals Council's remand order; relied on improper medical expert testimony; failed to accord proper weight to the records and opinions of treating physician Dr. David Rogers; failed to consider all the evidence (in particular the opinion of vocational consultant Rock Weldon); presented a flawed hypothetical to the VE; and rendered a conclusion regarding Plaintiff's functional capacity that was not supported by substantial evidence. After careful review and consideration of the evidence and arguments presented, the undersigned is constrained to agree with the Plaintiff that

4



the ALJ failed to properly consider and evaluate all of the evidence, in particular the SCWCC award of benefits, thereby requiring a remand of this case for additional review.

The record reflects that the SCWCC issued an order on May 13, 2010, awarding temporary total disability payments to Plaintiff beginning on July 1, 2008 (the same onset date as alleged in Plaintiff's DIB claim). (R.pp. 304-318, 321). Plaintiff states that the award was originally deemed temporary because he was not at maximum medical improvement, but that it was later converted to a permanent award. (ECF No. 17 at 8). The Fourth Circuit has held that "weight should be given to the findings of the [Workers' Compensation] Commission even though same is not determinative of the issue [of disability]." Hicks v. Gardner, 393 F.2d 299, 302 (4th Cir. 1968); see also Bird v. Comm'r of Soc. Sec. Admin., 699 F.3d 337, 343–44 (4th Cir. 2012)("under the principles governing SSA disability determinations, another agency's disability determination 'cannot be ignored and must be considered.'")(citing SSR 06-03p, 2006 WL 2329939, at *6).

While Workers' Compensation opinions are not binding on the Commissioner, see Yost v. Barnhart, 79 F. App'x 553, 556 (4th Cir. 2003)("[A] state award of [Workers' Compensation] benefits does not bind [the SSA] in establishing proof of disability for DIB purposes.")(citing 20 C.F.R. § 404.1504)[3], the ALJ "should explain the consideration given to [a decision of disability by a governmental agency] in the notice of decision...." (SSR 06-03p, 2006 WL 2329939, at *7). See also DeLoatche v. Heckler, 715 F.2d 148, 150 n. 1 (4th Cir. 1983)(While disability decisions by other

---

[3]20 C.F.R. § 404.1504 provides:
A decision by any ... governmental agency about whether you are disabled ... is based on its rules and is not our decision about whether you are disabled ....We must make a disability or blindness determination based on social security law. Therefore, a determination made by another agency that you are disabled or blind is not binding on us.

5



governmental agencies are not binding in Social Security determinations because they are based on different standards, the decisions should be considered). In his decision, however, the ALJ did not mention the SCWCC order and award. Contrary to the Commissioner's argument that any error was harmless because the ALJ examined the medical evidence before him including the evidence upon which the SCWCC rendered its order, a government agency's decision, and the evidence used to make the decision, "may provide insight into the individual's mental and physical impairment(s) and show the degree of disability determined by the[] agenc[y] based on [its] rules." SSR 06-03p, 2006 WL 2329939, at *7. Further, although the SCWCC order concerns a temporary permanent disability, it covers the period from June 2008 to June 2010, which parallels the alleged period of disability in this action and is well over the required twelve months necessary for a condition to be considered disabling under the SSA.

Therefore, this case should be reversed and remanded for the Commissioner to properly weigh the SCWCC's award of benefits. See Revis v. Astrue, Civ. Action No. 5:11-1017-RMG, 2012 WL 3612603, at * 2 (Case remanded to weigh the claimant's SCWCC order approving the settlement of a worker's compensation claim and to reconcile it with the supporting and competing evidence of record). Meyer v. Astrue, 662 F.3d 700, 707 (4th Cir. 2011)("Assessing the probative value of competing evidence is quintessentially the role of the fact finder" and the failure of the Commissioner to weigh all relevant evidence mandates remand). With respect to Plaintiff's remaining claims of error, on remand the ALJ will consider and re-evaluate the evidence in toto as part of the reconsideration of this claim. Hancock v. Barnhart, 206 F.Supp.2d 757, 763-764 (W.D.Va. 2002)(On remand, the ALJ's prior decision has no preclusive effect, as it is vacated and the new hearing is conducted de novo).



**Conclusion**

Based on the foregoing, and pursuant to the power of this Court to enter a judgment affirming, modifying or reversing the decision of the Commissioner with remand in Social Security actions under Sentence Four of 42 U.S.C. § 405(g), it is recommended that the decision of the Commissioner be **reversed**, and that this case be **remanded** to the Commissioner for evaluation and consideration of the SCWCC's award of benefits to Plaintiff, and for such further administrative action as may be necessary.  See Shalala v. Schaefer, 113 S.Ct. 2625 (1993).

The parties are referred to the notice page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

June 30, 2014
Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

